UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GABRIEL A. RONQUILLO,<br><br>    Plaintiff,<br><br>    v.<br><br>CDCR, et al.,<br><br>    Defendants. | Case No. 23-cv-04581 BLF (PR)<br><br>**ORDER OF PARTIAL DISMISSAL AND DISMISSAL WITH LEAVE TO AMEND** |

Plaintiff, a state inmate, filed a civil rights complaint under 42 U.S.C. § 1983 against the "CDCR Administration," the prison chaplain, and officers at San Quentin State Prison ("SQSP") where Plaintiff is currently incarcerated. Dkt. No. 1. This matter was reassigned to the undersigned on September 25, 2023. Dkt. No. 9. Plaintiff's motion for leave to proceed *in forma pauperis* will be addressed in a separate order. Dkt. No. 5.

**DISCUSSION**

**A.** **Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any

cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

B.  **Plaintiff's Claims**

Plaintiff first claims that on September 20, 2022, he was seriously injured on "Group Yard #1" when he was stabbed 55 times by an inmate. Dkt. No. 1 at 2-3. He claims that the "gunner" on duty at the time failed to "observe and perform within the scope of training amounting to inexcusable neglect" when he observed the incident "begin in the rear of yard… yet allowed it to proceed for over one minute." Id. Under a second claim, Plaintiff alleges that on January 14, 2023, the prison chaplain, Father Manuel Chavira, placed him in a "group setting scenario." Id. at 3. Plaintiff was escorted by the "on duty tier officer" to the East Block Chapel, where he was again seriously injured by an inmate who stabbed him six times. Id. at 3. Plaintiff seeks damages, including punitive. Id.

The Eighth Amendment requires that prison officials take reasonable measures to guarantee the safety of prisoners. *Farmer v. Brennan*, 511 U.S. 824, 832 (1994). In particular, prison officials have a duty to protect prisoners from violence at the hands of other prisoners. *Id*. at 833; *Cortez v. Skol*, 776 F. 3d 1046, 1050 (9th Cir. 2015); *Hearns v. Terhune*, 413 F.3d 1036, 1040 (9th Cir. 2005). The failure of prison officials to protect inmates from attacks by other inmates or from dangerous conditions at the prison violates the Eighth Amendment when two requirements are met: (1) the deprivation alleged is, objectively, sufficiently serious; and (2) the prison official is, subjectively, deliberately

2

indifferent to inmate health or safety. *Farmer*, 511 U.S. at 834. A prison official is deliberately indifferent if he knows of and disregards an excessive risk to inmate health or safety by failing to take reasonable steps to abate it. *Id.* at 837. Allegations in a *pro se* complaint sufficient to raise an inference that the named prison officials knew that plaintiff faced a substantial risk of serious harm and disregarded that risk by failing to take reasonable measures to abate it state a failure-to-protect claim. *See Hearns*, 413 F.3d at 1041-42 (citing *Farmer*, 511 U.S. at 847).

Liberally construed, Plaintiff's allegations are sufficient to state a claim against the "on duty gunner" for "A & B Group Yard in East Block" for his failure to protect Plaintiff from an inmate attack which he observed and delayed intervening. However, Plaintiff's claim based on the second attack that occurred on January 14, 2023, is deficient because there are insufficient factual allegations to indicate that the "on duty tier officer" and Father Chavira knew that Plaintiff faced a substantial risk of serious harm, perhaps because they were aware of the prior attack in September 2022, and disregarded that risk by failing to take reasonable measures to abate it. Without sufficient facts, Plaintiff fails to satisfy the second element for an Eighth Amendment claim, *i.e.*, that Defendants were subjectively, deliberately indifferent to a known risk that Plaintiff would be attacked by an inmate during Chapel. He shall be granted leave to amend to attempt to state sufficient facts to support an Eighth Amendment claim against Defendant Chavira and the "duty tier officer."

Plaintiff names the "CDCR Administration" as a Defendant and seeks damages against this entity. The Eleventh Amendment bars from the federal courts suits against a state by its own citizens, citizens of another state or citizens or subjects of any foreign state. *Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 237-38 (1985); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *Edelman v. Jordan*, 415 U.S. 651, 676-77 (1974). In addition to suits against the state, Eleventh Amendment immunity also extends to suits against a state agency. *See Brown v. Cal. Dep't of Corrs.*, 554 F.3d 747, 752 (9th Cir. 2009) (California

3

Department of Corrections and California Board of Prison Terms entitled to 11th Amendment immunity). Accordingly, the claim against the CDCR Administration must be dismissed as barred by the Eleventh Amendment.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. The claim against the CDCR is **DISMISSED** with prejudice as barred by the Eleventh Amendment. The Clerk shall terminate the CDCR as a party to this action.

2. The claim based on the January 14, 2023 incident against Defendants Chavira and the "on duty tier officer" is **DISMISSED with leave to amend.** Within **twenty-eight (28) days** of the date this order is filed, Plaintiff shall file an amended complaint to correct the deficiencies discussed above. Plaintiff should also continue to ascertain the identities of the unnamed Defendants, i.e., the "gunner" and "duty tier officer" in the amended complaint. Plaintiff states that he has been attempting to gather "all pertinent name(s) of defendants to no avail." Dkt. No. 4 at 4. Plaintiff is advised to reach out to the litigation coordinator at SQSP for assistance in this matter. If he receives no response, he may move for a court order to proceed with discovery.

The amended complaint must include the caption and civil case number used in this order, Case No. 23-cv-04581 BLF (PR), and the words "AMENDED COMPLAINT" on the first page. If using the court form complaint, Plaintiff must answer all the questions on the form in order for the action to proceed. The amended complaint supersedes the original, the latter being treated thereafter as non-existent. *Ramirez v. Cty. Of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015). Consequently, claims not included in an amended complaint are no longer claims and defendants not named in an amended complaint are no longer defendants. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir.1992).

3. **Failure to respond in accordance with this order in the time provided**

4

will result in the dismissal with prejudice of the claim 2 for failure to state a claim, without further notice to Plaintiff. This action will then proceed solely on the September 20, 2022 incident against the "gunner."

4. The Clerk shall include two copies of the court's complaint with a copy of this order to Plaintiff.

**IT IS SO ORDERED.**

Dated:  __January 24, 2024_____      _____
BETII LABSON FREEMAN
United States District Judge

Order of Dismissal with Leave to Amend
PRO-SE\BLF\CR.23\04581Ronquillo_dwlta