UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GABRIEL A. RONQUILLO,<br>　　　　Plaintiff,<br><br>　　v.<br><br>CDCR, et al.,<br>　　　　Defendants. | Case No. 23-cv-04581 BLF (PR)<br><br>**ORDER OF PARTIAL DISMISSAL AND OF SERVICE; DENYING MOTION TO COMPEL; INSTRUCTIONS TO CLERK**<br><br>(Docket No. 15) |

　　　　Plaintiff, a state inmate, filed a civil rights complaint under 42 U.S.C. § 1983 against the "CDCR Administration," the prison chaplain, and officers at San Quentin State Prison ("SQSP") where Plaintiff is currently incarcerated. Dkt. No. 1. On January 24, 2024, the Court screened the complaint and found it stated a cognizable failure-to-protect claim against an unidentified "gunner"; a second claim against Defendant Chavira and an unidentified "on duty tier officer" was dismissed with leave to amend. Dkt. No. 14.[1] Plaintiff was directed to file an amended complaint within twenty-eight days of the order, and advised that failure to do so would result in the dismissal of the second claim for failure to state a claim; this matter would then proceed solely against the "gunner." *Id.* at

---

[1] The claim against the CDCR was dismissed as barred by the Eleventh Amendment. Dkt. No. 14 at 3-4.

4-5.

The deadline for filing an amended complaint was February 21, 2024, and Plaintiff has filed no amended complaint. Accordingly, the claims against Defendant Chavira and the "duty tier officer" are DISMISSED for failure to state a cognizable claim. However, if during the course of discovery, Plaintiff learns the identity of the "duty tier officer," he may move the Court to reconsider dismissal of this Defendant by filing a motion to amend that identifies this officer and alleges facts sufficient to state a claim. Meanwhile, this matter shall proceed on the failure to protect claim against the "gunner." Plaintiff may proceed with discovery to ascertain the identity of this individual.

Plaintiff has filed a motion to compel discovery due to the prison's failure to respond to his requests for information regarding the underlying incident in this action, including the identity of the unknown officers. Dkt. No. 15. The motion is DENIED as premature as no Defendant has yet been served in this action. However, the Litigation Coordinator shall be served to respond to Plaintiff's requests. *See* Dkt. No. 15 at 2 (advising Plaintiff to submit a formal Discovery motion).

According to his motion to compel, Plaintiff made the following requests to the prison, Dkt. No. 15 at 2:

- Incident report and/or "incident packet", Log # 45309, for the September 20, 2022 incident.
- The electronic interview conducted by internal affairs in late February 2023, in the presence of Sgt. Romero
- Identity of the gun tower gunner guarding A& B yards in East Block on September 20, 2022.
- Identity of the tier officer working 3-yard on January 14, 2023, who escorted Plaintiff to the Chapel.

///
///

2

**CONCLUSION**

For the foregoing reasons, the Court orders as follows:

1. The Clerk of the Court shall serve a copy of the complaint, Dkt. No. 4, all attachments thereto, a copy of the Court's initial screening order, Dkt. No. 14, Plaintiff's motion to compel discovery, Dkt. No. 15, and a copy of this order upon **P. Kitmara**, the Litigation Coordinator at SQSP. The Clerk shall also mail a copy of this Order to Plaintiff

2. No later than **twenty-eight (28) days** from the date this order is filed, the Litigation Coordinator shall file notice with the Court of his response to Plaintiff's request for information listed above. *See supra* at 2.

3. **Within twenty-eight (28) days** of the date that the Litigation Coordinator files his notice, Plaintiff shall file a motion to amend the complaint with the identity of the "gunner" as the proper Defendant so that the Court can order service of the complaint on that Defendant.

4. The claims against Defendants Chavira and the "on duty tier officer" are **DISMISSED** for failure to state a claim for relief. The Clerk shall terminate these Defendants from this action.

5. Plaintiff's motion to compel is **DENIED** as premature. Dkt. No. 15.

6. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

This order terminates Docket No. 15.

**IT IS SO ORDERED.**

Dated: __March 7, 2024_____

*/s/ Beth Labson Freeman*
BETH LABSON FREEMAN
United States District Judge

Order of Partial Dismissal and Of Svc
PRO-SE\BLF\CR.23\04581Ronquillo_svc