1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10

11    GABRIEL A. RONQUILLO,                    Case No. 23-cv-04581 BLF (PR)
              Plaintiff,
12                                             **ORDER VACATING PRIOR
                                               COURT ORDER; OF SERVICE;
13        v.                                   ADDRESSING PENDING
                                               MOTIONS; DIRECTING
14                                             DEFENDANTS TO FILE
      CDCR, et al.,                            DISPOSITIVE MOTION OR
15                                             NOTICE REGARDING SUCH
              Defendants.                      MOTION; INSTRUCTIONS TO
16                                             CLERK**

17                                             (Docket Nos. 15, 19)

18

19         Plaintiff, a state inmate, filed a civil rights complaint under 42 U.S.C. § 1983

20    against the "CDCR Administration," the prison chaplain, and officers at San Quentin State

21    Prison ("SQSP") where Plaintiff is currently incarcerated.  Dkt. No. 1.  On January 24,

22    2024, the Court dismissed the complaint with leave to amend.  Dkt. No. 14.  When the

23    twenty-eight days for filing an amended complaint had passed, the Court dismissed the

24    deficient claims and ordered the matter to proceed on the failure to protect claim against an

25    unidentified "gunner."  Dkt. No. 16.  However, on the same day but after the order had

26    already been docketed, Plaintiff's first amended complaint was filed.  Dkt. No. 17.

27         Although Plaintiff's amended complaint was filed past the deadline of February 21,

28    2024, the Court will accept the late filing in light of Plaintiff's incarceration and pro se

status, in the interest of justice.  The Court will vacate its prior order and proceed with an initial review of the first amended complaint.

## DISCUSSION

### A.    Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  *See* 28 U.S.C. § 1915A(a).  In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief.  *See id.* § 1915A(b)(1),(2).  Pro se pleadings must, however, be liberally construed.  *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988).

### B.    Plaintiff's Claims

Plaintiff raises two claims based on two incidences which he asserts stem from the "CDCR's inefficiency, distraction from duty, failure to observe & perform within the scope of training, amount to inexcusable neglect."  Dkt. No. 17 at 2.

Under claim 1, Plaintiff claims that on September 20, 2022, he was seriously injured on "Group Yard #1" when he was stabbed 55 times by an inmate.  Dkt. No. 17 at 2-3.  He claims that the "gunner" on duty observed the incident for over one minute before intervening, presumably with firing shots from his 40mm rubber bullet gun.  *Id.* at 3.

Under claim 2, Plaintiff alleges the following facts.  While in the hospital recovering from the stabbing incident, Plaintiff was visited by Father Chavira on October 13, 2022.  *Id.*  Plaintiff asked Father Chavira for writing materials and to "look into" his

United States District Court
Northern District of California

"group yard situation." *Id.* Father Chavira conducted a Catholic Confession and they spoke about Plaintiff's loss of group yard privileges. *Id.* Based on this conversation, Plaintiff claims Father Chavira was well aware of the recent incident and Plaintiff's experience. *Id.* Upon his return to the East Block from the hospital, Plaintiff was reclassified as a "walk alone inmate." *Id.* Plaintiff claims that it is the Unit's "Sgt's, Desk Officer's, and tier officer's duty" to ensure an inmate was treated according to his current classification status and "ensure all procedure is properly followed." *Id.* at 3-4. Plaintiff repeatedly asked Correctional Officer Carter to change the label on his cell from "Group Yard #1" to "walk alone" status, but it was not changed. *Id.* at 4. Then on January 14, 2023, Father Chavira placed him in a "group setting scenario" by placing him on a church list for group yard #1, despite being aware of the prior attack on Plaintiff. *Id.* at 3. Plaintiff claims that at approximately 3 pm that day, he was escorted into the East Block Chapel, where he was again seriously injured by an inmate who stabbed him six times. *Id.* Plaintiff seeks damages, including punitive. *Id.*

The Eighth Amendment requires that prison officials take reasonable measures to guarantee the safety of prisoners. *Farmer v. Brennan*, 511 U.S. 824, 832 (1994). In particular, prison officials have a duty to protect prisoners from violence at the hands of other prisoners. *Id.* at 833; *Cortez v. Skol*, 776 F. 3d 1046, 1050 (9th Cir. 2015); *Hearns v. Terhune*, 413 F.3d 1036, 1040 (9th Cir. 2005). The failure of prison officials to protect inmates from attacks by other inmates or from dangerous conditions at the prison violates the Eighth Amendment when two requirements are met: (1) the deprivation alleged is, objectively, sufficiently serious; and (2) the prison official is, subjectively, deliberately indifferent to inmate health or safety. *Farmer*, 511 U.S. at 834. A prison official is deliberately indifferent if he knows of and disregards an excessive risk to inmate health or safety by failing to take reasonable steps to abate it. *Id.* at 837. Allegations in a *pro se* complaint sufficient to raise an inference that the named prison officials knew that plaintiff faced a substantial risk of serious harm and disregarded that risk by failing to take

reasonable measures to abate it state a failure-to-protect claim.  *See Hearns*, 413 F.3d at 1041-42 (citing *Farmer*, 511 U.S. at 847).

Liberally construed, Plaintiff's allegations are sufficient to state a claim against the "duty gunner" for his failure to protect Plaintiff from an inmate attack on September 20, 2022, which he observed and delayed intervening.  Plaintiff's allegations are also sufficient to state a failure to protect claim against Father Chavira, Sgt. Geocamachi, John Doe Desk Officer (week of Oct. 20, 2022), and Officer Carter for the second attack that occurred on January 14, 2023, based on the inference that they were aware that Plaintiff faced a substantial risk of serious harm and disregarded that risk by failing to take reasonable measures to abate it.

Although the use of "John Doe" to identify a defendant is not favored in the Ninth Circuit, *see Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980); *Wiltsie v. Cal. Dep't of Corrections*, 406 F.2d 515, 518 (9th Cir. 1968), situations may arise where the identity of alleged defendants cannot be known prior to the filing of a complaint.  In such circumstances, the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover their identities or that the complaint should be dismissed on other grounds.  *See Gillespie*, 629 F.2d at 642; *Velasquez v. Senko*, 643 F. Supp. 1172, 1180 (N.D. Cal. 1986).  Here, it appears that Plaintiff may be able to identify the appropriate Defendants by name through discovery. Therefore, Plaintiff shall be given an opportunity to identify John Doe Defendants, *i.e.*, the "John Doe #1 On Duty Gunner" and "John Doe # 2 Desk c/o week of Oct. 20, 2022," Dkt. No. 17 at 2, through discovery and file a motion to amend to add their proper names to this action in the time provided below.  *See infra* at 7, par. 10.

## C.  <u>Plaintiff's Motions</u>

Plaintiff's motion to compel discovery is DENIED as premature since no Defendant has yet been served in this action.  Dkt. No. 15.

Plaintiff has filed a motion for an order directing the State to provide discovery.

United States District Court
Northern District of California

1  Dkt. No. 19.  That motion is DENIED as moot in light of this order.  Plaintiff may proceed

2  with discovery against the named Defendants who will be served with this action as set

3  forth below.

### CONCLUSION

For the foregoing reasons, the Court orders as follows:

1.      The court order filed on March 7, 2024, "Order of Partial Dismissal and of
Service" is **VACATED**.  Dkt. No. 16.

2.      Plaintiff's motion to compel discovery and motion for a court order are
**DENIED**.  Dkt. Nos. 15, 19.

3.      The following Defendants shall be served at SQSP:

      a.      **Father Manuel Chavira**

      b.      **Sgt. Geocamachi**

      c.      **Correctional Officer Carter (3-yard officer 2022/2023)**

Service on the listed defendant(s) shall proceed under the California Department of

Corrections and Rehabilitation's (CDCR) e-service program for civil rights cases from

prisoners in CDCR custody.  In accordance with the program, the clerk is directed to serve

on CDCR via email the following documents: the operative complaint and any attachments

thereto, Dkt. No. 17, this order of service, and a CDCR Report of E-Service Waiver form.

The clerk also shall serve a copy of this order on the plaintiff.

No later than 40 days after service of this order via email on CDCR, CDCR shall

provide the court a completed CDCR Report of E-Service Waiver advising the court which

defendant(s) listed in this order will be waiving service of process without the need for

service by the United States Marshal Service (USMS) and which defendant(s) decline to

waive service or could not be reached.  CDCR also shall provide a copy of the CDCR

Report of E-Service Waiver to the California Attorney General's Office which, within 21

days, shall file with the court a waiver of service of process for the defendant(s) who are

waiving service.

Upon receipt of the CDCR Report of E-Service Waiver, the clerk shall prepare for each defendant who has not waived service according to the CDCR Report of E-Service Waiver a USM-205 Form.  The clerk shall provide to the USMS the completed USM-205 forms and copies of this order, the summons and the operative complaint for service upon each defendant who has not waived service.  The clerk also shall provide to the USMS a copy of the CDCR Report of E-Service Waiver.

4.  No later than **ninety-one (91) days** from the date this order is filed, Defendants shall file a motion for summary judgment or other dispositive motion with respect to the claims in the complaint found to be cognizable above.

a.  Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure.  Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute.  If any Defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the Court prior to the date the summary judgment motion is due.

b.  **In the event Defendants file a motion for summary judgment, the Ninth Circuit has held that Plaintiff must be concurrently provided the appropriate warnings under *Rand v. Rowland*, 154 F.3d 952, 963 (9th Cir. 1998) (en banc).  *See Woods v. Carey*, 684 F.3d 934, 940 (9th Cir. 2012).**

5.  Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than **twenty-eight (28) days** from the date Defendants' motion is filed.

Plaintiff is also advised to read Rule 56 of the Federal Rules of Civil Procedure and *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim).  Plaintiff is cautioned that failure to file an opposition to

United States District Court
Northern District of California

Defendants' motion for summary judgment may be deemed to be a consent by Plaintiff to the granting of the motion, and granting of judgment against Plaintiff without a trial. *See Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (per curiam); *Brydges v. Lewis*, 18 F.3d 651, 653 (9th Cir. 1994).

6.      Defendants <u>shall</u> file a reply brief no later than **fourteen (14) days** after Plaintiff's opposition is filed.

7.      The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

8.      All communications by the Plaintiff with the Court must be served on Defendants, or Defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendants or Defendants' counsel.

9.      Discovery may be taken in accordance with the Federal Rules of Civil Procedure.  No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

10.     While conducting discovery, Plaintiff is directed to attempt to ascertain the name of John Doe Defendants, and file a motion to substitute the complaint with these Defendants' proper names **no later than fifty-six (56) days** from the date this order is filed.  Failure to do so will result in the dismissal of the claims against these John Doe Defendants for failure to state a claim for relief.

11.     It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the court informed of any change of address and must comply with the court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

12.     Extensions of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

This order terminates Docket Nos. 15 and 19.

///

United States District Court
Northern District of California

United States District Court
Northern District of California

1

**IT IS SO ORDERED.**

2    **Dated:   __April 23, 2024_____**

_____

3    BETH LABSON FREEMAN
United States District Judge

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25    Order Vacating Order; of Service; Pending mots.
PRO-SE\BLF\CR.23\04581Ronquillo_svc

26

27

28