UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GABRIEL A. RONQUILLO,<br>　　　　Plaintiff,<br><br>　　v.<br><br>CDCR, et al.,<br>　　　　Defendants. | Case No. 23-cv-04581 BLF (PR)<br><br>**ORDER GRANTING MOTION FOR EXTENSION OF TIME TO FILE DISPOSITIVE MOTION AND TO BIFURCATE SUMMARY JUDGMENT BRIEFING; DENYING MOTION FOR APPOINTMENT OF COUNSEL; GRANTING EXTENSION OF TIME TO IDENTIFY DOE DEFENDANTS**<br><br>(Docket No. 21) |

Plaintiff, a state inmate, filed a civil rights complaint under 42 U.S.C. § 1983 against the "CDCR Administration," the prison chaplain, and officers at San Quentin State Prison ("SQSP") where Plaintiff is currently incarcerated. The operative complaint in this matter is the first amended complaint. Dkt. No. 17 ("FAC"). The Court found the FAC stated a cognizable failure to protect claim against Defendants and ordered them to file a dispositive motion. Dkt. No. 20.

Defendants filed a motion for extension of time to file a dispositive motion to conduct further investigation, necessary discovery, as well as to vet Plaintiff's exhaustion argument and other defendants. Dkt. No. 35. Defendants also seek leave to bifurcate their summary judgment motion in order to submit the first on Plaintiff's failure to exhaust

1  administrative remedies that could resolve the case, or limit the claims, and eliminate the
2  need for numerous arguments that potentially are not required, and then, only if necessary,
3  a second motion for additional defenses. *Id.* at 2. Good cause appearing, the motion is
4  **GRANTED**. Briefing shall proceed as set forth below.

5      Plaintiff has filed a motion for appointment of counsel based on indigency,
6  complexity of the issues, limitations due to housing status, and inability to obtain counsel
7  on his own. Dkt. No. 32 at 1-2. There is no constitutional right to counsel in a civil case
8  unless an indigent litigant may lose his physical liberty if he loses the litigation. *See*
9  *Lassiter v. Dep't of Social Services*, 452 U.S. 18, 25 (1981); *Rand v. Rowland*, 113 F.3d
10 1520, 1525 (9th Cir. 1997) (no constitutional right to counsel in § 1983 action), *withdrawn*
11 *in part on other grounds on reh'g en banc*, 154 F.3d 952 (9th Cir. 1998) (en banc). The
12 decision to request counsel to represent an indigent litigant under § 1915 is within "the
13 sound discretion of the trial court and is granted only in exceptional circumstances."
14 *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984). Here, Plaintiff's grounds are not
15 so exceptional as to distinguish him from other prisoner-plaintiffs. Accordingly, the
16 motion is **DENIED** for lack of exceptional circumstances. *See Agyeman v. Corrections*
17 *Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004); *Rand,* 113 F.3d at 1525 (9th Cir.
18 1997); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wilborn v. Escalderon*, 789
19 F.2d 1328, 1331 (9th Cir. 1986).

20     The Court notes that Plaintiff is still waiting a response to the subpoena that was
21 issued on May 30, 2024, to obtain the identities of Doe Defendants. Dkt. Nos. 25, 34.
22 Accordingly, the Court will sua sponte grant Plaintiff an extension of time to name John
23 Doe Defendants, as set forth below.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1.     Defendants' motion for extension of time is **GRANTED**. Dkt. No. 35.

2

Defendants' summary judgment motion based on a failure to exhaust administrative remedies shall be filed **no later than October 21, 2024**.

Plaintiff's opposition shall be filed and served on Defendants **no later than twenty-eight (28) days** from the date Defendants' motion is filed.  Defendants shall file a reply brief no later than **fourteen (14) days** after Plaintiff's opposition is filed.

2. Plaintiff's motion for appointment of counsel is **DENIED** for lack of exceptional circumstances.  Dkt. No. 32.

3. The Court grants Plaintiff an extension of time to provide the proper names of Doe Defendants.  Plaintiff's motion to substitute the amended complaint with the Doe Defendants' proper names shall be filed **no later than August 13, 2024.**

This order terminates Docket Nos. 32 and 35.

**IT IS SO ORDERED.**

Dated:  __July 23, 2024_____

BETH LABSON FREEMAN
United States District Judge

Order Granting EOT to file MSJ; Denying Appt of Counsel; Granting EOT
PRO-SE\BLF\CR.23\04581Ronquillo_eot.MSJ&atty