UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GABRIEL ALEXANDER RONQUILLO,<br>Plaintiff,<br>v.<br>MANUEL CHAVIRRA, et al.,<br>Defendants. | Case No. 23-cv-04581-EKL<br><br>**ORDER OF SERVICE** |

Plaintiff, a state prisoner, filed a pro se civil rights complaint under 42 U.S.C. § 1983. Service was ordered on plaintiff's claims that defendants failed to protect him from stabbings by other inmates on two separate occasions. Several defendants appeared and a dispositive motion was filed on October 28, 2024. Plaintiff did not know the identity of another defendant and a subpoena was served on the litigation coordinator at the prison to discover this information. Plaintiff sought to obtain an incident report to identify the unknown defendant who was the on-duty gunner who allegedly observed plaintiff's stabbing for one minute before intervening and firing rubber bullets. ECF No. 20 at 2; ECF No. 24. Plaintiff had difficulties in obtaining this information, so the Court ordered counsel for defendants to either respond to the subpoena or construe the subpoena as a discovery request to provide the documents and the identity of the defendant.

Counsel for defendants filed a response and indicated that he is in the process of obtaining the incident reports plaintiff requested and that the unknown defendant is Correctional Officer A. Alejo. ECF No. 36 at 2-3. Counsel and plaintiff also had a telephonic meet and confer on November 15, 2024, to discuss these issues. *Id*. at 3.

The Court already found that plaintiff stated a claim against the on-duty gunner. ECF No. 20 at 4. Therefore, Correctional Officer A. Alejo will be served and added to this case. Plaintiff

1  must still file an opposition to the pending motion for summary judgment.

2  The Court also notes that defendant Father Manuel Chavira has not yet been served. Court
3  staff obtained an old address for this defendant from prison officials, but it is unclear if he still
4  resides there. Regardless, the United States Marshal will attempt to serve defendant at the address,
5  but if service is unexecuted, plaintiff must provide more information to locate Father Chavira.
6  Failure to serve this defendant may result in his dismissal pursuant to Federal Rule of Civil
7  Procedure 4(m).

**CONCLUSION**

9  1. Plaintiff shall file an opposition to the summary judgment motion by December 18,
10  2024.

11  2. The Court orders that defendant Correctional Officer A. Alejo be served
12  electronically at San Quentin Rehabilitation Center.

13  Service on the listed defendant will be effected via the California Department of
14  Corrections and Rehabilitation's ("CDCR") e-service program for civil rights cases from prisoners
15  in CDCR custody. In accordance with the program, the Clerk is directed to serve on CDCR via
16  email the following documents: the operative complaint (ECF No. 17), this order of service, a
17  CDCR Report of E-Service Waiver form and a summons. The Clerk is also requested to serve a
18  copy of this order on the plaintiff.

19  No later than 40 days after service of this order via email on CDCR, CDCR will provide
20  the Court a completed CDCR Report of E-Service Waiver advising the court which defendant
21  listed in this order will be waiving service of process without the need for service by the United
22  States Marshal Service ("USMS") and which defendant declines to waive service or could not be
23  reached. CDCR also will provide a copy of the CDCR Report of E-Service Waiver to the
24  California Attorney General's Office which, within 21 days, will file with the Court a waiver of
25  service of process for the defendant if he is waiving service.

26  Upon receipt of the CDCR Report of E-Service Waiver, the Clerk is requested to prepare
27  for each defendant who has not waived service according to the CDCR Report of E-Service
28  Waiver a USM-285 Form. The Clerk will provide to the USMS the completed USM-285 forms

and copies of this order, the summons, and the operative complaint for service upon each defendant who has not waived service. The Clerk will also provide to the USMS a copy of the CDCR Report of E-Service Waiver.

      3. To expedite the resolution of this case, the Court orders:

          a. No later than **sixty days** from the date of service, defendant will file a motion for summary judgment or other dispositive motion. The motion will be supported by adequate factual documentation and will conform in all respects to Federal Rule of Civil Procedure 56, and will include as exhibits all records and incident reports stemming from the events at issue. If defendant is of the opinion that this case cannot be resolved by summary judgment, they will so inform the Court prior to the date the summary judgment motion is due. All papers filed with the Court will be promptly served on the plaintiff.

          b. At the time the dispositive motion is served, defendant will also serve, on a separate paper, the appropriate notice(s) required by *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc), and *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n.4 (9th Cir. 2003). *See Woods v. Carey*, 684 F.3d 934, 940-941 (9th Cir. 2012) (*Rand* and *Wyatt* notices must be given at the time motion for summary judgment or motion to dismiss for non-exhaustion is filed, not earlier); *Rand*, 154 F.3d at 960 (separate paper requirement).

          c. Plaintiff's opposition to the dispositive motion, if any, will be filed with the Court and served upon defendant no later than thirty days from the date the motion was served upon him. Plaintiff must read the attached page headed "NOTICE -- WARNING," which is provided to him pursuant to *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc), and *Klingele v. Eikenberry*, 849 F.2d 409, 411-12 (9th Cir. 1988).

If defendant files a motion for summary judgment claiming that plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), plaintiff should take note of the attached page headed "NOTICE -- WARNING (EXHAUSTION)," which is provided to him as required by *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n.4 (9th Cir. 2003).

          d. If defendant wishes to file a reply brief, they will do so no later than fifteen days after the opposition is served upon him.

    e. The motion will be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

  4. All communications by plaintiff with the Court must be served on defendant, or defendant's counsel once counsel has been designated, by mailing a true copy of the document to defendant or defendant's counsel.

  5. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further Court order is required before the parties may conduct discovery.

  6. It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address." He also must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: November 21, 2024

Eumi K. Lee
United States District Judge

## NOTICE -- WARNING (SUMMARY JUDGMENT)

If defendants move for summary judgment, they are seeking to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact-- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.

## NOTICE -- WARNING (EXHAUSTION)

If defendants file a motion for summary judgment for failure to exhaust, they are seeking to have your case dismissed. If the motion is granted it will end your case.

You have the right to present any evidence you may have which tends to show that you did exhaust your administrative remedies. Such evidence may be in the form of declarations (statements signed under penalty of perjury) or authenticated documents, that is, documents accompanied by a declaration showing where they came from and why they are authentic, or other sworn papers, such as answers to interrogatories or depositions.

If defendants file a motion for summary judgment for failure to exhaust and it is granted, your case will be dismissed and there will be no trial.